Jasen, J.
(dissenting). Since I cannot conclude that this *431 inspection and seizure was illegal, I would reverse the order below and hold that the inspection and seizure of the untaxed cigarettes from the garage of defendant’s residence was authorized by the statutory grant of power contained in section 474 of the Tax Law. To hold otherwise would be to frustrate the ability of the State to police legitimate areas subject to regulation.
The purpose of section 474 of the Tax Law was to allow inspection of cigarette stock and related books and records on "any premises where cigarettes are placed, stored, sold or offered for sale”, whether the enterprise is operating legally or illegally, to determine compliance with the Tax ¿Law. All that is required under this statute to authorize administrative inspection is that the inspector have knowledge that the regulated activity is being conducted on the premises. Once that is established, an agent for the State Tax Commission may, as provided by statute, administratively inspect such premises, without a search warrant or probable cause, to determine compliance with the Tax Law. Such inspections are consistent with the Fourth Amendment since they are designed to implement a valid regulatory scheme—the imposition of a tax on the sale and use of cigarettes and tobacco products. As was said in United States v Biswell (406 US 311, 316), "if inspection is to be effective and serve as a credible deterrent, unannounced, even frequent, inspections are essential. In this context, the prerequisite of a warrant could easily frustrate inspection; and if the necessary flexibility as to time, scope, and frequency is to be preserved, the protections afforded by a warrant would be negligible.”
While the majority agrees that the challenged statute is constitutional, it, nevertheless, holds that "[a]bsent a quantum of belief sufficient to constitute probable cause” that there was illegal activity afoot, the investigator was not justified in conducting the inspection. I cannot agree. In my view the record discloses that there was more than a "quantum of belief’ that a cigarette business, subject to regulation, was being conducted on the premises at the time the State investigator entered the garage where the cigarettes were stored. Undisputed evidence was offered that on June 5, 1970, the investigator placed the residence of defendant Ronald Rizzo under surveillance pursuant to a cigarette tax evasion complaint referred to him by his superior. The complaint indicated that a Ronald Rizzo had been arrested in New Jersey in *432 possession of approximately 400 cartons of untaxed cigarettes. During the surveillance, the investigator saw a man fitting defendant’s description open the garage door and place a number of items in the trunk of an automobile standing near the garage. One of the items placed in the trunk of the automobile, the investigator testified, was approximately "the size of a half case of cigarettes”. Thereupon, as the investigator approached the garage, he "could see a half case [30 cartons] of cigarettes on the garage floor, various brands.” At this point the defendant attempted to close the garage door, but was prevented from doing so by the investigator. Upon entering the garage, the investigator examined the previously viewed 30 cartons of cigarettes of various brands and found them to be without the required tax stamps. In addition, there were 60 additional cartons of untaxed cigarettes in the garage. He then examined the trunk of the automobile and found 54 cartons of untaxed cigarettes. Thereupon, the investigator arrested the defendant for possession of 144 cartons of untaxed cigarettes.
I believe that at the time the State investigator entered the garage to inspect the 30 cartons of various brands of cigarettes he saw inside the garage, there was reasonable cause to believe that the defendant was a dealer, legal or illegal, in cigarettes. Previous to his entry into the garage, the investigator had the benefit not only of knowledge of defendant’s previous arrest and possession of 400 cartons of untaxed cigarettes, but also his own observations of the defendant’s activities around the garage in loading in the trunk of an automobile a number of items, one of which was a box "the size of a half case of cigarettes”. Certainly, at this point, the investigator was authorized, if not compelled, to approach the defendant and make an inquiry into this suspicious behavior. When he approached the defendant, he saw 30 cartons of cigarettes in open view on the garage floor. Even the most ardent of chain smokers is not likely to maintain a cache of 6,000 cigarettes of various brands in his garage for later personal use. Armed with this knowledge, not mere suspicion, the investigator was justified, pursuant to authority vested by section 474 of the Tax Law, in entering the garage for the sole purpose of determining whether or not the 30 cartons of various brands of cigarettes in open view on the garage floor possessed valid tax stamps.
The test in administrative inspections should not be, as the majority suggests, whether there is probable cause to believe *433 that there was illegal activity afoot before an agent would have been justified in conducting his search, but whether the agent has knowledge that the defendant is engaged in the regulated activity, thereby making the premises where the cigarettes are stored subject to inspection to determine compliance with the Tax Law. Only in this way can traffic in illicit cigarettes be effectively regulated by the State Tax Commission while at the same time the right of the individual tobacco dealer to conduct his business in reasonable privacy is protected.
I would only add that the administrative inspection provisions of the statute limit the scope of the inspection to the stock of cigarettes in any premises where the cigarettes are stored, sold or offered for sale. In light of these limitations, there is no justifiable fear that such inspections would result in general searches. Thus, it should be apparent that the administrative, inspection provisions of section 474 are reasonable efforts by the Legislature to curtail the cigarette smuggling racket which deprives the State of much needed revenue.
Accordingly, I would reverse.
Chief Judge Breitel and Judges Gabrielli, Jones and Cooke concur with Judge Wachtler; Judge Fuchsberg concurs in a separate opinion; Judge Jasen dissents and votes to reverse in another separate opinion.
Order affirmed.